IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEOLA ADELENA STUART, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. |
| vs. | § § | SA-18-CV-00466-OLG |
| CITY OF SAN ANTONIO (S.A.P.D.), SAPD FNU MANKIEVEZ, in his individual capacity, SAPD FNU SWEENEY, in his individual capacity, | § § § § § § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

Before the Court is the above-styled and numbered cause of action, which was referred to the undersigned for all pre-trial proceedings on November 16, 2018 [#22]. The undersigned has authority to enter this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's lawsuit be dismissed in its entirety.

### I. Factual/Procedural Background and Analysis

Plaintiff Leola Adelena Stuart ("Plaintiff"), proceeding *pro se*, initiated this case on May 17, 2018, when she filed a motion to proceed *in forma pauperis* [#1] and attached her Complaint thereto [#1-1]. Plaintiff's Complaint alleges that officers from the San Antonio Police Department ("the SAPD") conducted an unlawful, warrantless search of her apartment in October 2017. (Compl. [#3] at ¶ 5.) Plaintiff also claims that the SAPD has victimized her by ignoring her complaints of rape and stalking. (*Id.* at ¶ 4.)

The Court construed Plaintiff's Complaint as asserting a claim under 42 U.S.C. § 1983 against the City of San Antonio ("the City") for a violation of the Fourth Amendment. (Order Granting Mot. to Proceed IFP [#2] at 3.) On June 1, 2018, the Court granted Plaintiff's motion to proceed *in forma pauperis*, but ordered her to file a more definite statement to provide additional factual support for her claim against the City [#2]. Plaintiff filed her More Definite Statement on July 24, 2018 [#6]. In it, Plaintiff accuses an Officer Mankievez of conducting a warrantless search of her apartment on October 25, 2017, and an Officer Sweeney of ignoring her complaints of rape and stalking. (More Definite Statement [#6] at 3–4.) After reviewing Plaintiff's More Definite Statement, the Court ordered the District Clerk to add SAPD FNU Mankievez and Sweeney, in their individual capacities, as defendants in this case [#7].

The record indicates that Officers Mankievez and Sweeney were served with a summons and a copy of the Complaint on September 5, 2018 [#12]. Officer Sweeney filed his Answer on October 1, 2018 [#13], and moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure on October 15, 2018 [#16]. *See* Fed. R. Civ. P. 12(c). In lieu of filing an answer, the City moved to dismiss Plaintiff's Section 1983 claim for failure to state a claim under Rule 12(b)(6) on September 18, 2018 [#10]. *See id.* 12(b)(6). Officer Mankievez has not yet filed a responsive pleading or otherwise made an appearance in this case.

On December 21, 2018, the undersigned issued a report and recommendation ("R&R") recommending that both motions be granted and that Officer Sweeney and the City be dismissed as defendants in this case [#27]. Plaintiff has objected to this R&R [#30], and the District Court has not yet ruled on Plaintiff's objections.

On January 2, 2019, Mark Kosanovich ("Kosanovich"), counsel for Officer Sweeney, filed an advisory to the Court ("Advisory") indicating that an Officer Mankievez, the only

remaining named defendant in this case, is not currently employed by the SAPD and that no one by that name has ever worked for the SAPD [#29]. (Kosanovich's Advisory [#29] at ¶ 3.) The Advisory also states that the "case" number provided by Plaintiff in her More Definite Statement in connection with Officer Mankievez's allegedly warrantless search of her apartment does not exist. (*Id.* at ¶ 4.) However, the Advisory indicates that a "Call for Service" number was located that matches the "case" number provided by Plaintiff. (*Id.*) A copy of the information generated by the SAPD in connection with this "Call for Service" number is attached as Exhibit A to the Advisory. Based on this information, it appears that an Officer Trinidad Manriquez responded to a call for service at Plaintiff's apartment on October 25, 2017. (*Id.*)

On January 15, 2019, Plaintiff filed a response to the Advisory [#32], which did not address Kosanovich's claim that an Officer Mankievez is not, and has never been, employed by the SAPD. On January 28, 2018, the Court issued a show cause order asking Plaintiff to show cause as to (1) why Officer Mankievez should not be dismissed as a defendant in this case; and (2) whether Office Trinidad Manriquez should be added as a defendant in this case [#35].

On January 29, 2019, Plaintiff filed a response to the show cause order [#36]. Plaintiff's two-page response is largely non-responsive and neither explains why Officer Mankievez should not be dismissed as a defendant in this case nor specifically addresses whether Officer Trinidad Manriquez should be added as a defendant in this case. Rather, Plaintiff merely requests that "all officers involved in the case to [sic] be prosecuted." (Pl.'s Resp. to Show Cause Order [#36] at 1.) The Court does not read this statement as a request that Officer Trinidad Manriquez be added to this civil case.

Thus, as Plaintiff's claims against Defendant SAPD FNU Mankievez would be the only claims remaining in this case if the District Court accepts the undersigned's previous

3

recommendation, and there apparently is no current or former SAPD officer with the surname Mankievez, the District Court should dismiss the entire case if it accepts the undersigned's previous recommendation [#27].

## II. Conclusion

Having considered the record, and for the reasons explained herein, the undersigned recommends that Plaintiff's lawsuit be dismissed.

## III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a de novo determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 31st day of January, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE