IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEOLA ADELENA STUART, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. |
| vs. | § § | SA-18-CV-00466-OLG |
| TRINIDAD MANRIQUEZ, SAPD OFFICER, | § § § § | |
| *Defendant.* | | |

## ORDER RESETTING INITIAL PRETRIAL CONFERENCE

Before the Court in the above-styled and numbered cause of action is Defendant Trinidad Manriquez's Motion to Reset Initial Pretrial Conference [#58]. By her motion, Defendant informs the Court of her conflict with the Initial Pretrial Conference currently set for August 28, 2019. The Court will therefore reset the conference as follows:

**IT IS HEREBY ORDERED** Defendant Trinidad Manriquez's Motion to Reset Initial Pretrial Conference [#58] is **GRANTED**.

**IT IS FURTHER ORDERED** that the conference currently set for August 28, 2019 is **CANCELED**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, this case is **set** for an **Initial Pretrial Conference** at **1:30 p.m.** on **August 27, 2019**, in Courtroom B on the 4th Floor of the John H. Wood, Jr. United States Courthouse, 655 E. Cesar Chavez Boulevard, San Antonio, Texas, 78206.

At the conference, the Court will enter a Scheduling Order in this case and assign the parties a date for a jury or bench trial. Plaintiff and counsel for Defendant Manriquez may appear by phone for the conference. Counsel should contact Valeria Sandoval, the Courtroom

1

Deputy, for call-in information at chestney_chambers@txwd.uscourts.gov. The use of speaker phones is prohibited during a telephonic appearance.

**IT IS FURTHER ORDERED** that the parties confer in the manner required by Rule 26(f) of the Federal Rules of Civil Procedure and submit a Joint Discovery/Case Management Plan that answers the following questions no later than **Monday, August 26, 2019**:

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.
2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?
3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?
4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?
5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).
6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?
7. What, if any, discovery disputes exist?
8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?
9. Have the parties discussed mediation?

The Court will address the substance of the parties' joint report and discovery plan at the Initial Pretrial Conference.

**IT IS FURTHER ORDERED** that the parties submit a **proposed scheduling order** pursuant to Local Rule CV-16(c), no later than **Monday, August 26, 2019**. The Court will discuss with the parties any proposed changes to the Court's standard scheduling order based on the unique circumstances of this case at the Initial Pretrial Conference.

The proposed scheduling order shall contain suggestions for the following deadlines:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 (the standard period being 90 days after the first defendant's appearance).

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties (the standard period being 90 days after the first defendant's appearance), and

each opposing party shall respond, in writing (the standard period being 104 days after the first defendant's appearance).

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by (the standard period being 120 days after the first defendant's appearance).

4. All parties asserting claims for relief shall file their designation of testifying experts and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by FED. R. CIV. P. 26(a)(2)(B)** by (the standard period being 90 days before the discovery deadline). Parties resisting claims for relief shall file their designation of testifying experts and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by FED. R. CIV. P. 26(a)(2)(B)** by (the standard period being 45 days before the close of discovery). All designations of rebuttal experts shall be filed within 14 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within (the standard period being 30 days) days of receipt of the written report of the expert's proposed testimony, or within (the standard period being 30 days) days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete discovery (the standard period being six months after the first defendant's appearance). Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed (the standard period being 30 days after the discovery deadline). Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to (the standard page limit for this Court is 20) pages in length.

8. This case is set for jury selection and trial or bench trial on _____, 2019 at _____ a.m. The final pretrial conference is set for _____, 2019 at _____ a.m.

The parties shall submit the proposed order in a form similar to the attached.

**IT IS SO ORDERED.**

SIGNED this 5th day of August, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|                      |   |
|----------------------|---|
|                      | § |
|                      | § |
| *Plaintiff,*         | § |
|                      | § |
| vs.                  | § |
|                      | § |
|                      | § |
|                      | § |
|                      | § |
| *Defendant.*         | § |
|                      | § |

## **SCHEDULING RECOMMENDATIONS**

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by _____.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by _____, and each opposing party shall respond, in writing, by _____.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by _____.

4. All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by _____. Parties resisting claims for relief shall filed their designation of testifying experts and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by _____. All designations of rebuttal experts shall be designated within 14 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within ____ days of receipt of the written report of the expert's proposed testimony, or within ____ days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete all discovery on or before _____. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than _____. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to _____ pages in length.

8. This case is set for jury selection and trial or bench trial on _____, 2019 at _____ a.m. The final pretrial conference is set for _____, 2019 at _____ a.m. The parties shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial.

9. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on and the parties have (agreed/disagreed) as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling by _____. Plaintiff offers the following explanation of why all parties have not been served _____.

_____
(Signature)

_____
(Print or type name)

ATTORNEY FOR

_____
(Print or type name)

CERTIFICATE OF SERVICE