IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEOLA ADELENA STUART, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. |
| vs. | § § | SA-18-CV-00466-OLG |
| TRINIDAD MANRIQUEZ, SAPD OFFICER, | § § § § | |
| *Defendant.* | § | |

## SHOW CAUSE ORDER

Before the Court is the above-styled and numbered cause of action, which was referred to the undersigned on July 12, 2019 for all pretrial proceedings [#54]. On August 27, 2019, the Court held an initial pretrial conference at which all parties were directed to appear. Plaintiff failed to do so. The record reflects that Plaintiff asked for and received permission to receive electronic notification of all court filings via e-mail on November 19, 2018 [#23]. The e-mail address on file for Plaintiff is leolastuart@outlook.com. The record reflects that the Court's Order setting the initial pretrial conference for August 28, 2019 was delivered to Plaintiff's e-mail address on August 5, 2019 [#60].

Plaintiff's request for the convenience of electronic notice and filing carries with it a responsibility to check her e-mail. The Court has also explained to Plaintiff in previous Orders that as a *pro se* party she still is required to follow the rules that govern all litigants in federal court [#55], which includes following court orders. The Court will therefore issue a show cause order requiring Plaintiff to explain the reasons for her failure to appear at the conference. In this response, Plaintiff should also indicate how she would prefer to receive future filings and

1

discovery requests from Defendant—via e-mail or via the mailing address on file (P.O. Box 47131, San Antonio, Texas 78265).

Also pending before the Court is Plaintiff's Motion for Appointment of Counsel [#57]. This is Plaintiff's second request for the appointment of counsel. As stated in the Court's previous order denying Plaintiff's first motion, the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In light of Plaintiff's failure to appear at the initial pretrial conference as ordered by the Court, as well as the lack of exceptional circumstances in this case, the Court will deny Plaintiff's motion. However, this denial will be without prejudice to Plaintiff moving for counsel at a later date if she responds to this show cause order and this case is not dismissed for want of prosecution.

The Court will issue a Scheduling Order to govern this case by separate order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel [#57] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff **SHOW CAUSE** why she failed to appear at the scheduled initial pretrial conference on August 28, 2016 by filing a response to this Order **on or before September 11, 2019**. Plaintiff should include in this show cause response an indication as to how she would like to receive future court filings and discovery requests from Defendant—e-mail or physical mail. A failure to do so may result in the dismissal of this case for lack of prosecution.

**IT IS FINALLY ORDERED** that the District Clerk mail a copy of this Order via both Plaintiff's mailing and e-mail addresses on file.

**IT IS SO ORDERED.**

SIGNED this 30th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE