IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEOLA ADELENA STUART, | § | |
| *Plaintiff,* | § | |
| | § | CIVIL NO. |
| vs. | § | SA-18-CV-00466-OLG |
| | § | |
| TRINIDAD MANRIQUEZ, SAPD OFFICER, | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

Before the Court is the above-styled and numbered cause of action, which was referred to the undersigned for all pre-trial proceedings on July 12, 2019 [#54]. The undersigned has authority to enter this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's lawsuit be dismissed in its entirety.

**I. Background and Analysis**

Plaintiff Leola Adelena Stuart ("Plaintiff"), proceeding *pro se*, initiated this case on May 17, 2018, when she filed a motion to proceed *in forma pauperis* [#1]. Plaintiff's Original Complaint, which was attached to her motion, alleged that officers from the San Antonio Police Department ("the SAPD") conducted an unlawful, warrantless search of her apartment in October 2017 and victimized her by ignoring her complaints of rape and stalking. (Compl. [#3] at ¶ 5.) The Court granted the motion to proceed *in forma pauperis* but ordered Plaintiff to file a more definite statement to provide additional factual support for her claim against the City [#2].

1

Plaintiff filed her More Definite Statement on July 24, 2018 [#6]. In it, Plaintiff accused an "Officer Mankievez" of conducting a warrantless search of her apartment on October 25, 2017, and an Officer Sweeney of ignoring her complaints of rape and stalking. (More Definite Statement [#6] at 3–4.) After reviewing Plaintiff's More Definite Statement, the Court ordered the District Clerk to add "SAPD FNU Mankievez" and Sweeney, in their individual capacities, as defendants in this case [#7].

The City and Sweeney moved to dismiss and for judgment on the pleadings, and "Mankievez" did not make an appearance in the case. The undersigned issued a report and recommendation recommending that both motions be granted and that Officer Sweeney and the City be dismissed as defendants in this case [#27]. Counsel for Sweeney thereafter filed an Advisory with the Court, indicating that no one with the name "Mankievez" is or ever has been employed by SAPD, but it appears that an Officer Trinidad Manriquez responded to a call for service at Plaintiff's apartment on October 25, 2017. In a response to the Court's show cause order, Plaintiff requested that "all officers involved in the case to [sic] be prosecuted." (Pl.'s Resp. to Show Cause Order [#36] at 1.) The undersigned did not construe this statement as a request that Officer Trinidad Manriquez be added to this civil case and recommended dismissal of all claims asserted by Plaintiff in this case.

The District Court adopted the undersigned's report and recommendation as to Plaintiff's claims against the City and Sweeney but rejected the undersigned's recommendations to dismiss the claims against Manriquez [#46]. The District Court construed Plaintiff's response to the Court's show cause order as a motion to amend the pleadings and to correct the misnaming of Officer Manriquez, ordered service be reissued, and re-referred the case to the undersigned [#54].

The undersigned set this case for an initial pretrial conference, at which all parties were directed to appear. Plaintiff failed to do so. The record reflects that Plaintiff asked for and received permission to receive electronic notification of all court filings via e-mail on November 19, 2018 [#23]. The e-mail address on file for Plaintiff is leolastuart@outlook.com. The record reflects that the Court's Order setting the initial pretrial conference for August 28, 2019 was delivered to Plaintiff's e-mail address on August 5, 2019 [#60]. The undersigned issued a show cause order on August 30, 2019, directing Plaintiff to show cause for her absence from the conference on or before September 11, 2019 or face the possibility of dismissal of her case for lack of prosecution [#65]. The order was mailed to Plaintiff at her address on file, as well as delivered electronically via e-mail. Plaintiff moved for an extension of time to file a response to the show cause order, which the Court granted [#67]. Her response was due on or before September 26, 2019.

To date Plaintiff has not responded to the Court's show cause order or made any additional filings in this case. Rule 41(b) authorizes the district court to dismiss an action for want of prosecution *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Fed. R. Civ. P. 41(b); *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980). Accordingly, the Court will recommend the District Court dismiss this case for want of prosecution pursuant to Rule 41(b).

## II. Conclusion

Having considered the record, and for the reasons explained herein, the undersigned **recommends** that Plaintiff's lawsuit be **dismissed** for want of prosecution.

### III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a de novo determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of October, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE